**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KAREN FOSTER,

                                          Case No. 8.07-cv-01096-T-17-EAJ

    Plaintiff,

vs.

RESOURCES FOR HUMAN
DEVELOPMENT, INC.
d/b/a/ BAY AREA ALLIANCE

    Defendant.

_____/

## ORDER ON MOTION TO REMAND

This matter is before the Court on Plaintiff's Motion to Remand, filed on July 3, 2007 (Dkt. 7), and Defendant's Response thereto filed on July 18, 2007 (Dkt. 11). The following facts are accepted as true for the purpose of resolving the pending motion.

## BACKGROUND AND PROCEDURAL HISTORY

Karen Foster (herein called Plaintiff), filed a four-count Complaint against the Defendants, RESOURCES FOR HUMAN DEVELOPMENT, INC. d/b/a Bay Area Alliance (RHD) and James Trainham, individually, (a former supervisor of RHD) on June 29, 2006, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County Florida, for Assault and Battery, Negligent Retention and violation of the Florida Civil Rights Act.

On June 22, 2007, Foster dismissed her claim against Trainham, thereby creating complete diversity of citizenship between the remaining parties (Plaintiff is a citizen of Florida and Defendant (RHD) is a citizen of Pennsylvania).

On June 25, 2006, RHD (herein after Defendant) filed a Notice of Removal of

Plaintiff's complaint based upon diversity jurisdiction under 28 U.S.C. §1441; namely that Defendant, James Trainham is no longer party to this suit and Plaintiff's claims exceeded the $75,000.00 diversity amount.  Foster's motion does not dispute that there is proper diversity of citizenship, but argues only that there is insufficient evidence that her claims exceed the amount in controversy requirement.

## FACTS

On June 29, 2006, Foster filed a four-count Complaint against Defendant and her former supervisor for Assault and Battery, Negligent Retention and violation of the Florida Civil Rights Act. Her complaint seeks monetary damages for various alleged injuries sustained by her during her employment at RHD. Plaintiff's complaint alleges damages in excess of $15,000.00 and meets the jurisdictional limits of the state circuit court, i.e. more than $15,000.00. Foster alleges that, as a result of Defendant's tortuous actions, she sustained past and future damages, consisting of mental pain, severe emotional distress, embarrassment, humiliation, mental anguish, loss of the capacity for the enjoyment of life, impairment of working ability, loss of dignity and loss of, or diminution, of earning or earning capacity. Foster alleges that, as a result of Defendant's discriminatory or retaliatory actions, she sustained past and future damages, consisting of lost wages (back pay, benefits and interest; front pay and benefits), compensatory damages; pecuniary and non-pecuniary losses; punitive damages, attorney's fees and costs.

Now, Plaintiff alleges that Defendant failed to satisfy its burden of proof as to diversity jurisdiction in this matter, and requests the Court to remand the matter back to Hillsborough County Circuit Court.  Defendant on the other hand argues that Jurisdiction is proper in this Court because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00.

## STANDARD OF REVIEW

Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. §1441(a). In the

typical removal case, a plaintiff has filed a suit in state court naming diverse parties and seeking damages.  The defendant may remove the case to federal court by showing facts that establish jurisdiction.  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095-1096 (11th Cir. 1994). A removing defendant bears the burden of proving the existence of federal jurisdiction. Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996). Removal statutes are also to be construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.  Burns v. Windsor Ins. Co., 31 F.3d 1095.

In a case such as this, where a plaintiff has made an unspecific demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirements. Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996). However, in a case where a plaintiff has made a specific amount of damages which is less than the jurisdictional amount, the Eleventh Circuit has required the defendant to prove to a legal certainty that the plaintiff's claim exceeds the jurisdictional limit. Id. at 1095.  In other words, a defendant may avoid remand only by showing that, if the plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than the amount.  Burns v. Windsor Ins. Co., 31 F.3d 1095-1096 (plaintiff pleaded for damages not in excess of jurisdictional amount; defendant required to prove that case was falsely or incompetently assessed).  In its view, the policies against removal and limiting diversity jurisdiction entitle the plaintiff's state court pleading to a strong presumption of accuracy.

However, to sustain federal removal jurisdiciton based on diversity of citizenship in a case in which the complaint as filed in a state court seeks an unspecified amount of damages, the burden is on the defendant to prove by the preponderance of the evidence that the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.  Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357.

*Diversity Jurisdiction*

Diversity Jurisdiction exists if the amount in controversy exceeds $75,000.00, and the action is between citizens of different states.  28 U.S.C. §1332. The amount in controversy is

sufficient to support federal jurisdiction of the petition to arbitrate, unless it is legally certain that the stakes of the arbitration are no more than $75,000.00.

## DISCUSSION

The Plaintiff and Defendant in the instant case are of diverse citizenship, a point contested by neither party. Therefore, the question presented is whether Defendant has proved by preponderance of the evidence that the amount in controversy exceeds $75,000.00.

### *Amount in Controversy*

In the instant case, the parties agree that it is not facially apparent from the Complaint whether the amount in controversy requirement has been met. Here, the Defendant's Notice of Removal contains tangible evidence, and additional reasoning to support that the amount in controversy requirement has been met. (Dkt. 11 Exhibit A) Thus, the Court considers the arguments and evidence posed by Defendant in opposition to Plaintiff's Motion to Remand, to determine whether Defendant has met its burden of proof. This Court will apply the preponderance of the evidence standard as Defendant's burden of proof because Plaintiff's complaint as filed in the state court sought an unspecified amount of damages.

### *Claims of Plaintiff*

Plaintiff asserts that Defendant's Opposition Motion to Plaintiff's Motion to Remand failed to meet its burden of proving by preponderance of the evidence that Plaintiff's claim exceeds the jurisdictional amount. In support of this argument, Plaintiff first claims that Defendant's affirmative defense, regarding Plaintiff's failure to mitigate her damages, presumably, is a claim that Plaintiff's back pay should be cut off based upon her failure to diligently locate new employment. For additional support to her argument, Plaintiff relies heavily on Destel v. McRoberts Protective Agency, 2004 WL 746293 (S.D. Fla. 2004), which held that a defendant's claims of a plaintiff's failure to mitigate should be considered on a Motion for Remand. Plaintiff has not submitted any additional evidence to clarify and support

its arguments, nor an estimate of what she is entitled to. Plaintiff only insists that Defendant's estimation of Plaintiff's damages is speculative and requests this Court to consider Plaintiff's failure to mitigate on Motion for Remand.

### *Defendant's Burden of Proof*

To Plaintiff's Claims, Defendant relies mainly on its' calculation of back pay, as substantiated by Carol Lerner's (Director of Finance) statements. (Dkt. 11-2) It attempts to establish that the $75,000.00 amount in controversy requirement has been met. Defendant reasons that, because Plaintiff earned approximately $30,000.00 annually during her employment (as published in Carol Lerner's statements), Plaintiff's lost wages and benefits for 23 months, from the conclusion of her employment through June 25, 2007, would exceed the sum of $60,850.00. Defendant's calculations are based on a twenty-three month back pay period, beginning on the date Plaintiff's employment was terminated, August 2005, and ending on June 25, 2007, the date Plaintiff's complaint was filed. (Dkt. 2) Defendant attached a copy of Carol Lerner's declaration statements in its' Response motion.

In response to Plaintiff's mitigation of damages assertion, Defendant distinguishes Destel from the instant case. Id. Defendant argues that in Destel, the Plaintiff provided evidence showing that he mitigated his damages, enough to bring his damage claims below the jurisdictional amount. Id. Whereas here, Defendant argues, that Plaintiff failed to provide this Court any evidence suggesting that she mitigated her damages. Additionally, Defendant argues that there is no indication of Foster disclaiming or limiting the other types of damages recovery, that she seeks in this litigation.

Arguing further, Defendant relies upon Turner v. Wilson Foods Corp., 711 F.Supp. 626 (N.D. Ga. 1989). and asserts that the claims for emotional pain and suffering, attorney's fees, coupled with her claims of loss of wages for several years, can be reasonably anticipated to exceed $75,000.00. While Defendant asserts that the complaint in Turner did not allege a specific amount of damages, several courts have held that allegations of severe injuries, along with pain and suffering will alert defendant that an amount in excess of the jurisdictional amount is at issue. Id. In sum, Defendant claims that they have demonstrated to

the Court, by preponderance of the evidence, that the amount in controversy more likely than not, exceeds the required jurisdictional amount.

*Merits of Defendant's Proof*

In light of Defendant's calculations regarding Plaintiff's back pay and fringe benefits, and absent any proffered calculations or estimate by the Plaintiff's regarding the same, the Court finds Plaintiff's claim for back pay to exceed $60,850.00.  In addition, the Court also finds that Defendant's proposed calculations of Plaintiff's total claims combined (Plaintiff's claims of emotional damages of pain and suffering, attorney's fees, and punitive damages, among others) in addition to back pay and fringe benefits, exceeds $75,000.00. The Court's finding corresponds with the preponderance of the evidence standard, as Defendant's burden of proof, because Plaintiff's complaint as filed in the state court sought an unspecified amount of damages.

This Court disagrees with Plaintiff's assertion that the value of her claims for compensatory and punitive damages, as calculated by the Defendant amounts to sheer speculation. Defendant here offered substantial evidence and reasoning to support its argument, that when the total damages from all claims are added together, the amount in controversy exceeds $75,000.00.  To establish this, Defendant submitted Carol Lerner's declarations to demonstrate that Foster's annual wages and benefits losses over a twenty-three month period alone amounts close to $75,000.00.  (Dkt. 11  Ex. "A")  The declarations reveal that Plaintiff earned approximately $30,000.00 annually during her employment.  She was also entitled to fringe benefits, which amounts to $1,750.00. So in total, an excess of $60,000.00 is a reasonably estimate of what Plaintiff here is arguably entitled to. Furthermore, the Defendants have demonstrated to this Court how it reached Plaintiff's entitlement figures, by use of concrete appraisals and basic reasoning. Tapscott v. MS Dealer Service Corp., 77 F.3d 1319-1320.  Therefore, this Court finds that Defendant here proved to a legal certainty, that its' calculations regarding Plaintiff's claim of back pay and fringe benefits is a reasonable figure.

At this time, Plaintiff's accrued lost wages, benefits, and other remunerations in total amounts to $60,850.00, in light of Carol Lerner's Declarations. Defendant does not offer any evidence that Plaintiff would be entitled to any other payments, reimbursements, rewards, recompense, or compensation.

This Court arrived at the amount of $75,000.00 by using the following mathematical calculations:

1. Plaintiff's **salary** at the time she was terminated was approximately $30.000.00 annually, which computes to $2,500.00 a month.
    ($30,000.00 / 12 months = $2,500.00)

2. Plaintiff was terminated on August 2005. Therefore, at the time the Complaint was filed (June 25,2007), twenty-three months had passed.

3. For the twenty-three months of unemployment, Plaintiff's lost wages would amount to $57,500.00.
    ($2,500 * 23 months = $57,500.00)

4. Plaintiff was also entitled to **fringe benefits** of $1,750.00 per year. Thus, she was entitled to $145.83 of fringe benefits monthly. ($1,750.00 / $145.83) Consequently, for the entire twenty-three month period, her entitlement would amount to $3,354.16.
    ($145.83 * 23 months = $3,354.16)

5. Twenty-three months of **lost wages** equals $60,854.16.
    ($57,500.00 + $3,354.16 = $60,854.16)

6. It is reasonable for Defendant to estimate that the remainder of Plaintiff's claims for **damages** (compensatory damages; pecuniary and non-pecuniary losses; punitive damages and attorneys' fees

>and costs) to exceed the remaining $14,145.84. The Court in <u>Destel</u> estimated that just attorney's fees alone, including discovery and preparing for trial, and trying the case, amounted between $15,000.00 to $22,000.00. Destel<u> v. McRoberts Protective Agency</u>, 2004 WL 746293 at 4.

Pursuant to 28 U.S.C. §1332(a), interests and costs are excluded when determining the amount in controversy.

Additionally, the court in <u>Turner</u> held, that while a complaint may not allege a specific amount, allegations of severe injuries, along with pain and suffering will alert that an amount in excess of the jurisdictional amount is at issue. <u>Id</u>. at 26   In <u>Turner</u>, Plaintiff was a two year-old plaintiff who sustained serious burns and lifelong scars, and claimed damages exceeding $10,000.00. <u>Id</u>.  The Court there held that, while the complaint did not allege a specific amount of damages, the serious nature of the injury along with pain and suffering should alert the defendant that an amount in excess of $10,000.00 (or the jurisdictional amount) is at issue. This Court finds that Defendant here, correctly applied the holding in <u>Turner</u>. Id. As in <u>Turner</u>, Plaintiff's claims arose from numerous injuries that are serious in nature. <u>Id</u>. A fair reading of the complaint here would adequately place a defendant on notice of the substantial damages involved.<u> Lee v. Altamil Corp.</u>, 457 F. Supp. 979 (M.D. Fla. 1978) Usually, higher damage amounts are in controversy when injuries are numerous and serious. If plaintiff prevails on liability here, an award below the jurisdictional amount would reasonably be outside the range of permissible awards, because the case can be clearly worth more than the amount when considering all of Plaintiff's damages claims. Therefore, by applying <u>Turner</u>, it is reasonable for this Court to hold that the amount in controversy exceeds the jurisdictional amount.

While Defendant supported its calculations with sufficient and concrete appraisal, Plaintiff's complaint failed to offer any prophylactic evidence, or point to any underlying facts that might have been useful to rebut Defendants assertions. Instead, Plaintiff merely asserts that Defendant's  former position on cutting off to Plaintiff's economic damages, i.e.

in denying that Plaintiff was constructively discharged, is contrary to Defendant's current position, and that they constituted attempts to rack up Plaintiff's damage claims, to prevent a potential remand of this case. (Dkt. 7 pp. 3) From this, Plaintiff reasons that, if Defendant took such strategic positions in the past to prevent a remand of this case, it is reasonable that Defendant may also be speculating concerning Plaintiff's total claims, to do the same. Plaintiff also relies on Destel and asserts that, Defendant's affirmative defense concerning Plaintiff's failure to mitigate is meaningless, when a Defendant fails to offer any concrete appraisal of the value of Plaintiff's claims.  Destel v. McRoberts Protective Agency, 2004 WL 746293

      Here, the Court finds that Plaintiff failed to make a reasonable nexus between its premise and its conclusion.  Additionally, this Court has difficulty following Plaintiff's reasoning regarding Defendant's mitigation defense. First, Plaintiff's premise regarding Defendant's former position, denying Plaintiff's discharge cut off Plaintiff's economic damages, is irrelevant, as to whether Defendant's calculations are speculative. Such assertion only goes to whether Defendant acted in good faith in its former dealings with this Court, and with the Plaintiff, and not in determining whether Defendant's calculations are speculative. To make a blanket statement that, because Defendant previously denied that Plaintiff was constructively discharged from employment, that now Defendant may be speculating about the amount in controversy, does not rise to the level of disproving that the amount in controversy exceeds $75,000.00.. Here, Plaintiff's argument regarding Defendant's mitigation defense is tenuous at best.

      Additionally, Plaintiff here misapplied the holding in Destel. Id.  Destel is distinguishable from the instant case. In Destel, the Plaintiff provided evidence to demonstrate that he mitigated his damages, thereby lowering his back pay claims. Id.  The plaintiff there demonstrated that he earned $19,300.00 since his termination from employment. Therefore, the defendant in Destel had to offset against plaintiff's claimed damages, any amount plaintiff earned or should have earned through reasonable diligence. Id. at 2  Additionally, the plaintiff in Destel further limited his damages by stating that he "did not suffer any diagnosed psychological impairment or seek treatment for emotional distress, thus bringing his damage

claims even lower". Id. At 3. Unlike the instant case, the Court in <u>Destel</u> remanded the case back to state court because there, Defendant failed to offer any kind of concrete appraisal to support its calculation. Id. The plaintiff in <u>Destel</u> also did not claim the same damages as Plaintiff did here. Id. This Court finds that the facts and circumstances surrounding <u>Destel</u> were quite different from the instant case. Id. Thus, to use the holding in <u>Destel</u> to further Plaintiff's argument amounts to serious distortion of a former holding. Id. This Court admonishes Plaintiff for failure to correctly apply precedent. Further, absent any kind of evidence by Plaintiff that demonstrates to this Court any mitigation of damages by Plaintiff, this Court finds Defendant's calculations are legitimate and well corroborated.

   As stated earlier, the Defendant proffered sufficient reasoning and evidence, as its basis to show that the value of Plaintiff's claims as calculated by Defendant is a reasonable one. For the foregoing reasons, this Court finds that the Defendant here proved by preponderance of the evidence, that if Plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than the amount required. Accordingly, it is:

  **ORDERED** that Plaintiff's Motion to Remand (Dkt. 7) be **DENIED**.

  **DONE AND ORDERED** in Chambers, in Tampa, Florida on this 31st day of July, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All
Parties and Counsel of Record